UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY DELLARCIPRETE, | ) | CASE NO. 1:05CV813 |
| | ) | (5:03CR340) |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #1) of Petitioner, Anthony Dellarciprete, to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Petitioner's Motion.

**I. FACTUAL BACKGROUND**

On August 19, 2003, a federal grand jury returned an eleven-count indictment against Anthony Dellarciprete, aka Anthony (Tony) Diehl, aka Anthony (Tony) Dell, and a co-defendant in Case No. 5:03CR 340. Specifically, Anthony Dellarciprete was charged with

one count of Conspiracy, in violation of Title 18, United States Code Section 371; three counts of Wire Fraud, in violation of Title 18, United States Code, Section 1343; and seven counts of Mail Fraud, in violation of Title 18, United States Code, Section 1341.

On January 21, 2004, Dellarciprete pleaded guilty to the Conspiracy count (Count 1); one count of Wire Fraud (Count 4); and one count of Mail Fraud (Count 11).  On April 13, 2004, Dellarciprete was sentenced to fifty months imprisonment, to be followed by two years of supervised release.  He was further ordered to pay a special assessment of Three Hundred Dollars ($300.00) and to pay restitution of Two Million Two Hundred Seven Thousand Nine Hundred Five Dollars and Fifty-Eight Cents ($2,207,905.58), jointly and severally with his co-defendant.  The Court then granted the Motion of the United States to Dismiss Counts 2, 3, and 5 through 10 of the Indictment.

On March 28, 2005, Dellarciprete timely filed his Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  He contends his sentence was imposed as the result of an incorrect application of enhancement points and an incorrect guideline calculation.  He claims his attorney was ineffective: 1) for failing to object to the use of "illegal" enhancements, resulting in an incorrect guideline calculation; 2) for failing to object to the amount of restitution; 3) for not objecting to the presentence investigation report ("PSR") and the subsequent imposition of restitution; and 4) for failing to object to the calculation of his criminal history.

## II. LAW AND ANALYSIS

**Standard of Review**

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ...

claiming the right to be released ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.' In order to prevail upon a 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 491, 496-497 (6th Cir. 2003) quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

Ordinarily, nonconstitutional errors are not cognizable on collateral review. *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir. 1996). However, a challenge to sentencing enhancements and guideline calculations is recognized as a Sixth Amendment challenge under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005).

**Ineffective Assistance of Counsel**

Ineffective counsel claims are governed by the *Strickland v. Washington,* 466 U.S. 668 (1984) standard, in which the United State Supreme Court propagated a two-prong test which would, if met, warrant reversal of a conviction: first, counsel's performance must fall below an objective standard of reasonableness, and second, there is a reasonable probability that counsel's deficient performance prejudiced the prisoner, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Id.* at 687-689. The reasonable probability issue is the focus of both parties to this habeas motion. A reasonable probability is, "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In addition, the review of defense counsel is done with a presumption of reasonableness that must be

overcome to meet the *Strickland* test: "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688-689.  In the context of a Plea Agreement, there must be " a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

Because the competence of counsel is presumed, it is Petitioner's burden to prove counsel's representation was unreasonable.  The Supreme Court has held, "defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).  Furthermore, the Sixth Circuit, in elaborating on the Petitioner's burden stated, "the threshold issue is not whether [defendant's] attorney was inadequate; rather it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir.1992) (*en banc*).

Petitioner has not sought to withdraw his plea nor does he allege actual innocence in his motion.  Also, as the Government points out, Petitioner does not allege that he would have declined the Plea Agreement and gone to trial if it were not for his counsel's deficient performance. The Sixth Circuit has held it is significant evidence against a Petitioner's claim of ineffective assistance of counsel when his/her motion fails to demonstrate Petitioner pled guilty solely in reliance on his attorney's allegedly mistaken advice.  See *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990).

Where the "file and records of the case conclusively show that the moving party is

entitled to no relief," the movant, in a § 2255 action, is not entitled to a hearing and the Court may deny relief based on the pleadings and record. *Ross v. United States*, 339 F. 3d 483, 490 (6th Cir. 2003). Further, no hearing is justified upon a claim of ineffective assistance, if the petitioner's supporting affidavit makes only a conclusory claim without presenting a factual question of a violation. *Turner v. United States*, 183 F. 3d 474, 477-78 (6th Cir. 1999).

**Petitioner's Grounds for Relief**

### A. Guideline Calculations and Enhancements

Petitioner Dellarciprete argues his counsel failed to object to enhancements applied in violation of the Sixth Amendment. Moreover, he claims his sentence was imposed in violation of *United States v. Booker*, because the Court increased his sentence based upon findings of fact made by the judge.

The calculation of Petitioner's Offense Level is set forth at page 13 of the Plea Agreement, and is reiterated in the colloquy at the Change of Plea Hearing, Transcript at page 11. The base Offense Level is Six. Because the loss suffered was between Two Million Five Hundred Thousand and One Dollars ($2,500,001) and Five Million Dollars ($5,000,000), Thirteen Levels are added. There is a Two-Level increase for "more than minimal planning and multiple victims." A Two-Level increase applies for "mass marketing." Another Two-Level increase is added for being an "organizer/leader." Therefore, the subtotal before any reduction for acceptance of responsibility is Twenty-Five.

Petitioner contends his counsel failed to argue against his enhancement points. The Court finds Petitioner was presented with the opportunity to raise objections at both the Plea and Sentencing hearings and failed to do so. Second, Petitioner personally initialed each page

of the Plea Agreement, including the Stipulated Guideline Computation (¶ 28 at page 13), reflecting the enhancements to which Petitioner now objects.  Petitioner received the benefit of the Plea Agreement, that is, an acceptance of responsibility reduction of three levels and the dismissal of the remaining counts of the indictment.  Having received those benefits, he now seeks to have the guideline computations, to which he expressly stipulated, thrown out. The Court finds Petitioner's position problematic, and against the intention and spirit of the Plea Agreement  —   to receive the benefits conferred by that contract, yet challenge the enhancements, the calculations, and the assistance of counsel to which he expressly stipulated on each page of the Plea Agreement and in open court.

The record in this case further demonstrates that Dellarciprete stipulated to the underlying facts in his Plea Agreement that fully support the guideline computations.  He adhered to those stipulations and computations when questioned by the Court during his Change of Plea Hearing. (Transcript at pages 11 and 16).  He continued to agree to the computations and stipulations, even when given the opportunity to object to the PSR at the Sentencing Hearing.  (Transcript at page 7).

Dellarciprete objects to his sentence, arguing it is based upon findings of fact made by the Judge instead of the Jury, in violation of *United States v. Booker*.  As a general rule, the failure of counsel to anticipate, and to lodge objections, on the basis of a subsequent change in the law, does not constitute deficient performance under the Sixth Amendment.  *Lucas v. O'Dea*, 179 F. 3d 412, 420 (6th Cir. 1999); see also *Alcorn v. Smith*, 781 F. 2d 58, 62 (6th Cir. 1986) ("[N]onegregious errors such as failure to perceive or anticipate a change in the law ...

generally cannot be considered ineffective assistance of counsel.").  [1]

### B.  Notice of Appeal

Dellarciprete claims his attorney failed to file a notice of appeal as requested, and that neither counsel nor the Court explained to him he was waiving his right to appeal his sentence.  (Affidavit Exhibit in Support of § 2255 Petition).

"It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement."  *United States v. Calderon*, 388 F. 3d 197 (6th Cir. 2004), quoting *United States v. Fleming*, 239 F. 3d 761, 763-64 (6th Cir. 2001).

At ¶ 26 of the Plea Agreement, Dellarciprete expressly waived his right to appeal, reserving this right as to any punishment that would be in excess of the statutory maximum or any punishment to the extent that it would constitute an upward departure from the sentencing guideline range.  Dellarciprete signed and initialed each page of the Plea Agreement, acknowledging that he read, understood and approved all of its provisions.  At the Change of Plea Hearing (Transcript at pages 12-13), Dellarciprete declared to the Court that he understood his waiver.  The Affidavit of Petitioner's counsel (ECF DKT #12, Exhibit "A") states that Dellarciprete did not ask him in court nor at any time within the ten-day appeal period to file an appeal on his behalf.  Nevertheless, Petitioner's knowing, intelligent and

---

[1]  In a recent decision, the Sixth Circuit found counsel's performance constitutionally ineffective for failing to preserve a Sixth Amendment challenge to his client's sentence in anticipation of the decision in *Booker*.  *Nichols v. United States*, 501 F. 3d 542 (6th Cir. 2007).  This Court finds the *Nichols* decision sharply distinguishable and believes it does not alter this Court's reasoning in support of denial of Dellarciprete's § 2255 Petition.  This Court made no findings other than those to which Petitioner stipulated and pleaded guilty, along with his prior convictions.  *Booker* recognized that findings based on the fact of prior convictions were not violative of the Sixth Amendment.  See *Booker*, 543 U.S. at 244.  Most significantly, Petitioner Dellarciprete affirmatively acknowledges in his *pro se* Response Brief (ECF DKT #15 at page 2) he is not claiming trial counsel "failed to predict future developments in the law", which is the exact performance found to be sub-par by the *Nichols* court.

voluntary waiver precludes any prejudice from any failure of counsel to file an appeal.

### C. Restitution

Dellarciprete additionally asserts his counsel was ineffective for failing to object to the imposition and amount of restitution. Mandatory restitution is statutorily provided to victims of offenses committed by fraud or deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). Since Dellarciprete entered a guilty plea to Mail Fraud, Wire Fraud, and Conspiracy to Commit Mail and Wire Fraud, restitution is mandatory. An attorney need not raise meritless arguments to avoid a charge of ineffective assistance of counsel. *Ludwig v. United States*, 162 F. 3d 456, 459 (6th Cir. 1998).

With regard to the amount of restitution ordered, Dellarciprete believes the Court was without authority to order restitution respecting victims for whom he was not charged or convicted. Petitioner is mistaken. First, the approximate amount of loss was set forth in the Indictment. Second, Dellarciprete stipulated, at ¶ 27 of the Plea Agreement and at the Change of Plea Hearing (page 13), to make full restitution, on a joint and several basis with his co-defendant, in the amount of the combined net loss of seventy-seven clients who lost money in the fraud scheme.

Petitioner's counsel was not ineffective in failing to object to the amount of restitution in the PSR. Dellarciprete agreed to the amount at the time of his plea, and did not challenge the PSR, when afforded the opportunity at his sentencing. (Sentencing Transcript at page 7). Once again, counsel need not make meritless arguments to avoid a claim of ineffective assistance. *Ludwig*, 162 F. 3d at 459.

### D. Criminal History Calculation

Dellarciprete asserts his counsel failed to object to the two-point Criminal History Calculation; and claims he was, in fact, unrepresented at the time of his two prior convictions. Petitioner was given the opportunity to provide information to the probation officer for the preparation of the PSR. Petitioner's Affidavit (ECF DKT #15) states he advised his attorney of the uncounseled nature of the prior convictions, but does not say when. Furthermore, at the Sentencing Hearing, Dellarciprete informed the Court he had no objections to the recitations in the PSR. Thus, this claim of ineffective assistance of counsel is without merit.

### III. CONCLUSION

Therefore, for the foregoing reasons, the Court finds Petitioner, Anthony Dellarciprete, is barred from collaterally attacking his sentence enhancements and sentencing guideline calculations, because he expressly waived those objections in the Plea Agreement, and at the Change of Plea and Sentencing Hearings. In addition, Petitioner has failed to demonstrate his counsel's representation was objectively unreasonable or resulted in prejudice. Therefore, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** *the final order in a proceeding under section 2255.*

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> **(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(Emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) the Supreme Court held,

> To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

(quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute).

Since this Court has determined the claims made by Petitioner in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing of the denial of constitutional right. Therefore, the Court will not issue a certificate of appealability.

**IT IS SO ORDERED.**

**DATE: December 5, 2007**

    **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**